UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GILMORE,

        Plaintiff,                CIVIL ACTION NO. 07-14089

        v.                              DISTRICT JUDGE AVERN COHN

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action for judicial review of the defendant's decision denying plaintiff's application for supplemental security income disability benefits (SSI). Plaintiff proceeds pro se, although she was represented by an attorney at her hearing before the ALJ. Plaintiff appears to argue in her complaint that the ALJ did not give appropriate weight to the opinion of her physician and that the decision is not supported by substantial evidence. She has not filed a motion for summary judgment, although the government has. For the reasons discussed in this Report it is recommended that the government's motion be granted and the decision denying benefits be affirmed.

        Plaintiff alleged that she became disabled as of 1996 due to back pain and asthma. Plaintiff had a hearing before the ALJ at which she and a vocational expert testified. The agency found that plaintiff was not disabled because, although unable to perform her past relevant work,

she remained capable of performing a significant number of jobs at the light exertional level which had no more than moderate exposure to atmospheric irritants. Plaintiff was 52 years old at the time of the ALJ's decision. She had prior work experience as a security guard and janitor. (Tr. 59, 62)

*Legal Standards*

    *A. Disability Evaluation*

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. In Foster, 279 F.3d at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*B. Standard of Review*

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is

substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

*Medical Evidence*

The medical evidence shows that plaintiff was seen in April 2003 at the emergency room for difficulty breathing. Diagnosed with asthma, she received Tylenol, Albuterol, Atrovent, Prednisone, and Solu-Medrol. Plaintiff returned to the ER in August 2003 and July 2004 with a similar condition. She was also seen in March 2005 by her treating physician for asthma and shoulder pain. (Tr. 179-182)

In October, 2004, plaintiff was examined by Dr. Montasir, M.D., who observed essentially unremarkable gait and stance, full range of motion in all joints, and limited squatting and bending. With respect to plaintiff's back, there was no subluxation, contracture, or instability. She also had no circulatory deficits, no muscle atrophy, and no neurological disorganization. He found that plaintiff was on appropriate prophylactic treatment for her asthma. (Tr. 163)

In September 2005, plaintiff was referred for pulmonary functional analysis which concluded that she had mild airflow instruction. (Tr. 172-173) In January 2006, the physician suspected allergic rhinitis and sleep apnea in addition to the asthma. (Tr. 197)

In January 2006, plaintiff saw her physician for medication refills. Plaintiff had no spinal tenderness, her coughing and shortness of breath were under control. (Tr. 196)

*The Hearing Testimony*

Plaintiff testified that she could only stand for 15 minutes, sit for 30 minutes, walk half a block, and was unable to do laundry, cooking, shopping, cleaning, or any activities outside of personal hygiene. She stated that she only had 9 or 10 good days a month when she was not in pain. (Tr. 227-231)

*ALJ's Decision*

The ALJ found that plaintiff retained the residual functional capacity to perform light work with no exposure to moderate or greater concentration of atmospheric irritants. (Tr. 15) The ALJ applied the Grid, Rule 202.10 and the testimony of the vocational expert, to determine that there were at least 12,000 jobs which would accommodate the environmental limitations and plaintiff's RFC. Although plaintiff does not point to a particular error of the ALJ, she seems to argue that the ALJ did not properly credit her complaints of pain. The ALJ found they were not credible. Pain caused by an impairment can be disabling, but each individual has a different tolerance of pain. Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984). Therefore, a determination of disability based on pain depends largely on the credibility of the plaintiff. Houston, 736 F.2d at 367; Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997); Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir. 1987). Because determinations of credibility are peculiarly within the province of the ALJ, those conclusions should not be discarded lightly. Villarreal, 818 F.2d at 463 and 464.

In Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain may support a claim of disability.

Subsequently, the Social Security Act was modified to incorporate the standard. 20 C.F.R. § 404.1529 (1995). A finding of disability cannot be based solely on subjective allegations of pain. There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Jones v. Secretary of HHS, 945 F.2d 1365, 1369 (6th Cir. 1991).

Here plaintiff has some asthma issues, although her medication gave her good results and she was seen only infrequently in the emergency room. Examining physicians have found her breathing and asthma under control. With respect to her back pain, plaintiff's consultive physician examination states that she has no muscle atrophy, full range of motion in the joints, and unremarkable gait and stance.

Although plaintiff states in her complaint that a physician says she cannot work, no such report appears in the file. Indeed, no physician of record provided opinions that plaintiff could not work or had limitations more than mild airflow obstruction and some limitations bending and squatting. These were taken into account by the ALJ. It should be noted that the only medical source that addressed the functional limitations was the state agency reviewing physician who found that plaintiff had no functional limitations. (Tr. 95) The ALJ credited plaintiff by giving her claims of limitation some deference, even with no objective evidence or medical opinion. Nevertheless, based on the medical evidence as well as her complaints, there were still jobs which she could perform.

Accordingly, it is recommended that the defendant's motion be granted and decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Virginia M. Morgan
                                          Virginia M. Morgan
                                          United States Magistrate Judge

Dated: October 6, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 6, 2008.

                                                  s/Jane Johnson
                                                  Case Manager to
                                                  Magistrate Judge Virginia M. Morgan